### Hector Steward v. The State.

1. Unlawful Marriage. — By sect. 27, art. 12, of the Constitution of 1869, all persons who were formerly held in bondage, and in that condition lived together as husband and wife, and who, when that Constitution was adopted, were so living together in this State, became legally married; and the

abrogation of that Constitution by the Constitution of 1876 has not annulled such marriages, nor exempted those who contracted them from amenability to the laws relating to unlawful marriage.

2. SAME. — The provision of the Penal Code that, in prosecutions for unlawful marriage, proof of marriage by mere reputation shall not suffice, does not control in such prosecutions against persons whose first marriage was so accomplished by the Constitution of 1869. Proof of facts which constitute a marriage thus consummated is not proof by mere reputation; but to establish such a marriage the proof must show that the accused and his former wife were living together as husband and wife, in this State, on the 30th of March, 1870, when the Constitution of 1869 took effect.

APPEAL from the District Court of Smith. Tried below before the Hon. J. C. ROBERTSON.

The opinion sufficiently indicates the case.

*Reaves & Dodd,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

CLARK, J. Under the operation of sect. 27 of art. 12 of the Constitution of 1869, all persons who were formerly held in bondage, and who in such condition lived together as husband and wife, and were so living together in this State at the date of the adoption of said instrument, were legally married. The abrogation of that Constitution cannot be construed as annulling such marriages, nor are such persons exempt from prosecution for a violation of our laws relating to unlawful marriage.

Our statute provides that, in trials for this class of offences, proof of marriage by mere reputation shall not be sufficient. Pasc. Dig., art. 2017. This cannot be held to apply to a class of cases in which the contract was established and fixed by organic provision, acting upon a *status* already voluntarily assumed and openly continued by parties theretofore denied the right of legal marriage ; and proof of the existence of such relation, originating between parties in a state of bondage and continued until the adoption of that Constitution, is not proof of marriage by mere reputation, but

the establishment of such facts as, taken in connection with the constitutional provision, fixes the legal marriage as definitely and as certainly as if it had been consummated under the usual forms of law. *McKnight* v. *The State*, 6 Texas Ct. App. 158.

In construing the act of June 5, 1837 (Hartley's Dig., art. 2439), legalizing certain marriages by bond, in the then Republic of Texas, our Supreme Court say: "It was designed to legalize marriages or associations of that kind, and to put them upon the same footing as if married with the legal sanction of the church." *Nichols* v. *Stewart*, 15 Texas, 233. Such, we think, was the legal effect and operation of the constitutional provision in question; and persons coming within its operation are entitled to all the rights and privileges of legal marriage, and subject to all prescribed penalties for a violation of any of our laws regulating the institution and intended for the preservation of its sanctity.

The evidence in this case shows that the appellant was a slave prior to emancipation, and lived for many years with a woman, also a slave, both belonging to the same owner; and that on December 27, 1876, he married another woman, the former woman being still alive, and no legal separation having been had. It fails to show, however, that appellant and the former woman were living together in such relation in this State on the thirtieth day of March, 1870, — a fact essential to be shown in order to sustain a conviction.

The court below should have granted a new trial, and for a refusal so to do the judgment is reversed and the cause remanded.

*Reversed and remanded.*